McMILLAN, Judge.
The appellant, C.L.L., filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he challenged his 1997 conviction of rape in the first degree. On that conviction, he was sentenced to 25 years’ imprisonment. This court affirmed his conviction and sentence in an unpublished memorandum. The petition stated the following grounds: (1) ineffective assistance of trial counsel and appellate counsel, (2) lack of jurisdiction, and (3) newly discovered evidence. The State moved to dismiss the petition, arguing, in pertinent part, that the petition failed to state a claim for relief; that the appellant’s claims did not amount to newly discovered evidence; and that trial counsel for the defense did a thorough cross-examination and was not ineffective. The trial court conducted an evidentiary hearing, at which the appellant presented evidence related only to the ineffective-assistance claim as to his trial counsel. After the hearing, the trial court denied the appellant’s petition with the following order: “Based on testimony of attorney Thomas Smith and Defendant [C.L.], the Court is reasonably satisfied from the evidence that Petitioner’s claims of ineffective assistance of counsel are without merit.”
On appeal, the appellant presents four claims: (1) that his trial counsel was ineffective for failing to procure an independent medical examination; (2) that his trial counsel was ineffective for failing to object to a lay opinion expressed by a social worker; (3) that his trial counsel was ineffective for failing to object to what he says were leading questions; and (4) that the *867 trial court erred in failing to make specific findings of fact as to his allegations of ineffective assistance of counsel. This court is unable to make a determination as to the first three claims because the trial court has failed to provide the necessary-findings of fact with regard to those issues. The State has filed a motion asking us to remand this cause, so that the trial court can enter the required findings.
Rule 32.9(d), Ala.R.Crim.P., states that the trial court “shall make specific findings of fact relating to each material issue of fact presented” at an evidentiary hearing. Here, the trial court, in its order, failed to address each material issue of fact. Therefore, this cause is due to be, and it is hereby, remanded to the trial court, with instructions to enter the findings required by Rule 32.9(d), Ala.R.Crim.P. A return should be filed with this court within 42 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.